Paragraph (4) is revised to reflect that this interim order is effective only until the close of business on March 18, 2021. Movant shall file a certificate of service concerning compliance with paragraph (11) by close of business on Monday, March 8, 2021.



**SO ORDERED.**
**SIGNED this 5th day of March, 2021**

/s/ Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| In re | : | |
| | : | |
| ROBERT FORD INSURANCE AGENCY, INC. | : | Case No. 21-30224-SHB |
| | : | Chapter 11 |
| | : | |
| Debtor | : | |

**INTERIM AGREED ORDER**
**REGARDING THEUSE OF CASH**
**COLLATERAL**
**AND TO PROVIDE ADEQUATE PROTECTION**

This matter is before the Court upon Motion for Use of Cash Collateral filed by Robert Ford Insurance Agency, Inc. ("Debtor").  The Debtor has requested an Interim Order pursuant to Rule 4001(b)(1) of the *Federal Rules of Bankruptcy Procedure* regarding the use of Cash Collateral during the term of this Order to provide for the ordinary operating expenses of the business and to provide Republic Bank of Chicago ("Republic Bank") adequate protection as a condition for the Debtor's use of Cash Collateral pursuant to 11 U.S.C. § 363(c)(2)(A). Based upon the evidence

presented or proffered at the February 22, 2021 hearing, arguments of counsel and for goodcause shown, the Debtor's Motion should be granted on an interim basis, subject to the rights of Republic Bank and other parties to object pursuant to Rule 4001(d)(2) of the *Federal Rules of Bankruptcy Procedure* before the final hearing on Debtor's Motion. The Court makes the followingfindings of fact and conclusions of law:

1. On February 11, 2021 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its property as Debtor-in-Possession.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Republic Bank is a secured creditor of debtor and asserts interests in cash, bank accounts, and accounts receivable as cash collateral as that term is defined in 11 U.S.C. § 363(a).

4. Cash, bank accounts and accounts receivable constitute the Cash Collateral (the "Cash Collateral") for which Republic Bank may be entitled to adequate protection for the use thereof, to the extent that it has valid and perfected prepetition liens.

5. Debtor has no significant source of revenue other than the use of Cash Collateral. The payment of on-going operating expenses will help maintain the current value of the business and provide for the best chance for reorganization. Without the use of Cash Collateral, the Debtor will be unable to sustain its normal operations, and the value of the business and the collateral will deteriorate to the detriment of Republic Bank and all other creditors. To avoid immediate and irreparable harm to the estate, the Debtor may use the Cash Collateral to pay ordinary operating expenses to preserve and protect its businesses.

6. Adequate protection granted herein is conditioned upon the validity of the prepetition perfection of the security interests and is subject to modification in the final order. The Court makes no findings and conclusions regarding the validity or priority of any claimed lien or security interest.

Based upon the foregoing, it is hereby ORDERED as follows:

(1) Subject to all the terms and conditions of this Order, the Debtor shall be entitled to use Cash Collateral as provided by 11 U.S.C. § 363(c)(2) for actual and necessary

2

expenses as reflected in the budget attached as <u>Exhibit A</u>, through March 18, 2021, and may not exceed ten (10%) of any one item without the agreement of Republic Bank or further order of the Court.

(2)     Without the necessity of filing financing statements or other documents, this Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Republic Bank perfected liens on the replacement collateral to secure the adequate protection obligations.

(3)     Republic Bank is hereby granted and shall have replacement liens in and to the collateral in which Republic Bank had liens and security interests prior to the filing of this bankruptcy case.  The liens and security interests granted herein shall have the same validity, perfection and enforceability as the pre-petition liens held by Republic Bank, without further action by the debtor or Republic Bank and without executing or recording any financial statements, security agreements or other documents.

(4)     This Interim Order shall be operative until supplemented by a final order approving the use of Cash Collateral, with a hearing thereon to be scheduled at the Preliminary Hearing to be held March 11, 2021 at 10:00 a.m. Nothingherein shall operate to preclude Republic Bank from seeking other or additional protection of its interests in the collateral or in any property acquired by the Debtor after the petition date, or from objecting to the Debtor's continued use of cash collateral in circumstances where it believes its interests are not adequately protected, nor shall any provisions herein operate to preclude the Debtor from seeking Court approval of the right to use Cash Collateral on such other terms as may be approved by the Court after notice and a hearing.

(5)     This Interim Order shall be without prejudice to the rights of the Debtor or creditors to challenge the alleged liens, and any relief, adequate protection, and replacement liens afforded herein to Republic Bank, subsequent to the term of this Order.

(6)     The Debtor shall deposit all required employment taxes on the date payroll is made and will provide evidence of said employment tax deposit to the United States

Trustee's Office on the third business day after payroll is made. The Debtor will file all post-petition payroll or other tax returns when due and pay any balance thereon with said return. Debtor shall fully fund its payroll, including all payroll taxes and Form 941 quarterly taxes, and shall be responsible for the transfer of funds to the IRS in an amount sufficient to prevent the accrual of interest and penalty, no later than the close of business on the date that payroll is to be paid.

(7)     The Debtor shall timely pay fees to the United States Trustee and shall timely file and serve copies of the Monthly Operating Reports as required by Federal Rule of Bankruptcy Procedure 2015.3(a). Upon Debtor's failure to comply with any of the terms of this Interim Order, the U.S. Trustee or the U.S. Attorney may file a Certificate of Non-Compliance and the case may be dismissed or converted upon notice and hearing, whichever is in the best interest of creditors.

(8)     No delay or failure by the United States or the United States Trustee and no single or partial exercise thereof or any abandonment or discontinuance of steps to enforce such a right, power, or privilege under this Interim Order shall constitute a waiver or affect or impair such right, power, or privilege.

(9)     If any or all of the provisions of this Interim Order are hereafter modified, vacated, or stayed by subsequent order of this or any other Court, such action shall not affect the validity and enforceability of any lien, security interest, or priority authorized by this Interim Order.

(10)    Any objections to the Debtor's Motion for the Use of Cash Collateral shall be filed and served no later than March 10, 2021, on William E. Maddox, Jr., William E. Maddox, Jr. LLC; PO Box 31287; Knoxville, Tennessee 37930, counsel for the Debtor, and the United States Trustee; Office of the U.S. Trustee; 800 Market Street, Suite 114; Knoxville, Tennessee 37902-2303.

(11)    A copy of this Order shall be served by Debtor's counsel upon the 20 largest

unsecured creditors as provided by Bankruptcy Rule 4001(d), any other party that may have an interest in the cash collateral as provided in this Order, all parties that have filed a notice of appearance, and an opportunity for such other creditors to obtain a copy of this Order together with copies of the Motion upon their written request therefor, together with a separate Notice of Hearing for the Final Hearing. Such notice shall constitute sufficient and adequate notice of the Motion and the Final Hearing pursuant to Bankruptcy Rules 2002, 4001(b), (c) and (d), and 9014,and pursuant to §§ 102(1), 363(c) and 364(d) of the Bankruptcy Code, and no further notice of, or hearing on the final relief sought in the Motion is necessary or required.

# # #

**APPROVED FOR ENTRY:**

*s/William E. Maddox, Jr.*
William E. Maddox, Jr. BPR #017462William E. Maddox, Jr. LLC Attorney at Law
P.O. Box 31287
Knoxville, TN 37930
Phone: (865) 293-4953
Attorney for Robert Ford Insurance Agency, Inc.

*s/David A. Kallick*
David A. Kallick
Benjamin, Gussin & Associates
801 Skokie Blvd., Suite 100
Northbrook, IL 60062
Phone: (847) 861-6226
Attorney for Republic Bank of Chicago

# United States Bankruptcy Court
### Eastern District of Tennessee

In re **Robert Ford Insurance Agency, Inc**      Case No. **21-30224-SHB**
                         Debtor(s)      Chapter **11**

# BUSINESS INCOME AND EXPENSES

<u>FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS</u>  (NOTE: <u>ONLY INCLUDE</u> information directly related to the business operation.)

**PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

| | |
|---|---:|
| 1. Gross Income For 12 Months Prior to Filing: | $ 440,985.00 |

**PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

| | |
|---|---:|
| 2. Gross Monthly Income | $ 29,000.00 |

**PART C - ESTIMATED FUTURE MONTHLY EXPENSES:**

| | |
|---|---:|
| 3. Net Employee Payroll (Other Than Debtor) | $ 5,760.00 |
| 4. Payroll Taxes | 800.00 |
| 5. Unemployment Taxes | 0.00 |
| 6. Worker's Compensation | 0.00 |
| 7. Other Taxes | 500.00 |
| 8. Inventory Purchases (Including raw materials) | 0.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | 0.00 |
| 10. Rent (Other than debtor's principal residence) | 2,000.00 |
| 11. Utilities | 1,000.00 |
| 12. Office Expenses and Supplies | 600.00 |
| 13. Repairs and Maintenance | 100.00 |
| 14. Vehicle Expenses | 1,264.00 |
| 15. Travel and Entertainment | 1,000.00 |
| 16. Equipment Rental and Leases | 300.00 |
| 17. Legal/Accounting/Other Professional Fees | 500.00 |
| 18. Insurance | 1,500.00 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | 0.00 |

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

| DESCRIPTION | TOTAL |
|---|---|
| **Republic Bank** | 10873.92 |

21. Other (Specify):

| DESCRIPTION | TOTAL |
|---|---|

| | |
|---|---:|
| 22. Total Monthly Expenses (Add items 3-21) | $ 26,197.92 |

**PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:**

| | |
|---|---:|
| 23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2) | $ 2,802.08 |