# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Robert Ford Insurance Agency, Inc. ) | CASE NO. 21-30224-SHB |
| ) | |
| Debtors. ) | CHAPTER 11 |

## DEBTOR'S AMENDED CASE MANAGEMENT SUMMARY

Comes the Debtor, by and through counsel, and propounds upon this Court this Case Management Summary. The Debtor would show the Court and the creditors as follows:

The Debtor is Robert Ford Insurance Agency, Inc.. This business Chapter 11 was filed on February 11, 2021. Robert Ford is the sole owner of the corporation.

He decided to purchase Robert Regal's Allstate agency in Knoxville, TN. The price was $1,200,000, or 2.75 times the worth of the current book of business. At the time Robert Regal's book of business was purchased at a prime rate because of his retention and low loss ratio. Important factors when purchasing an agency.

Allstate delayed approval of the purchase of my Knoxville, Tennessee insurance agency from the original planning date of May, 2019 to October, 2019 because they disapproved of an agent owning offices in multiple states. Mr. Ford owned an agency in California at the time. The Patterson, CA office remained open while purchasing the Tennessee agency with foreign corporation being formed in TN

Mr. Ford was able to purchase the Knoxville, TN insurance agency from Robert Regal on September 2019, taking over that property on Oct. 1, 2019. He paid a prime price for his book of business because it had characteristics that Allstate at the time valued highly:

    a) High customer retention

    b) Very low loss ratio

These characteristics figured prominently each year in the Allstate bonus calculations (e.g. a hundred thousand dollars). The **10%** Allstate commission and these characteristics would allow the debtor not only to pay the Republic Bank loan monthly and also the second loan to Robert Regal, but very likely to pay them off early.

    However, less than one month after my purchase of the Robert Regal agency, Allstate substantially reduced and changed its commission and bonus structure effective January 2020. The Patterson, CA office, still open, was impacted as well. To summarize, the commission has dropped to **9%,** and the bonus qualifications do not apply without a substantial, and virtually impossible, growth requirement, given the current loans on the business. This has resulted in a drop of income of $8,000 to $10,000 in the month of Jan. 2020, the first month of implementation.

    Now, Allstate has established another new change to the Agency contract. As of April 2021, without satisfying a difficult to achieve net monthly auto growth requirement, Allstate agencies, including mine, will be forced to close. This means they will be returned to Allstate at a price of 1.5 times the (now lower) commission, ($394,000.) and I will no longer own the agency.

    Therefore, a Chapter 11 was necessary to reorganize the business. The business still is a profitable entity with only a few, but substantial creditors. The corporation owes Republic Bank of Chicago on a debt secured by the business. There are also unsecured debts to Robert Regal and the SBA. In addition, there are some IRS and California state taxes that are owed, potentially by both the corporation and Robert Ford individually,

    Robert Ford is the sole shareholder. The corporation has two employees and all payroll and payroll taxes are current. The debtor has one secured debt: Republic Bank of Chicago who has a UCC lien on all of the debtors assets in the amount of $888,000. The debtor has unsecured debts to

Robert Regal (the previous owner) in the amount of $225,000 and to the Small Business Association in the amount of $222,000. The debtor has scheduled debts to the IRS and the State of California. Whether these debts are owed by the debtor, or Robert Ford individually is still being determined.

The debtor's primary asset is the Allstate book of business valued at $394,000 along with bank deposits of approximately $100,000.

The debtor has the cash flow to complete a successful plan while continuing to operate its business. However, given the changes made by Allstate as outlined above, the debtor needs to restructure. Given the current value of its book of business, the debtor hopes to restructure its secured debt with Republic Bank of Chicago and therefore free up enough working capital to pay a significant dividend to its unsecured creditors.

**RESPECTUFLLY SUBMITTED** this 19th day of March 2021.

/s/ William E. Maddox, Jr.
William E. Maddox, Jr.BPR#017462
William E. Maddox, Jr. LLC
Attorney at Law
P.O. Box 31287
Knoxville, TN 37930
Phone: (865) 293-4953

## CERTIFICATE OF SERVICE

I, William E. Maddox, Jr., hereby certify that a true and correct copy of the foregoing Debtor's Case Management Summary by William E. Maddox, Jr. has been served on the following via U.S. Mail or ECF:

Attorney for the U.S. Trustee             ECF
Howard Baker, Jr. U.S. Courthouse
800 Market Street, Suite 114

Knoxville, TN 37930

Attorney General of the United States
US Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

California Franchise Tax Board    ECF
PO Box 942857
Sacramento, CA 94257

David A Kallick    ECF
Benjamin, Gussin & Associates
801 Skokie Blvd., Suite 100
Northbrook, IL 60062

Internal Revenue Service    ECF
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Republic Bank    ECF
CEO Thomas Bugielski
2221 Camden Court
Oak Brook, IL 60523

Robert Regal    ECF
736 Blue Beech Dr.
Maryville, TN 37803

Small Business Association    ECF
14925 Kingsport Rd.
Fort Worth, TX 76155

U.S. Dept of Justice    ECF
Tax Division, CTS Eastern Reg
PO Box 227
Ben Franklin Station
Washington, DC 20044

United States Attorney's Office    ECF
Howard H. Baker, Jr., U.S. Courthouse
800 Market Street
Suite 211
Knoxville, TN 37902

/s/ William E, Maddox, Jr.
William E. Maddox, Jr.